UNITED STATES of America,
Plaintiff–Appellee

v.

Jose Ricardo RAMIREZ, Defendant–
Appellant.

No. 10–31028
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 2011.

Jennifer McDaniel Kleinpeter, Esq., As-
sistant U.S. Attorney, U.S. Attorney's Of-
fice, Baton Rouge, LA, for Plaintiff–Appel-
lee.

Mark David Plaisance, Esq., Baker, LA,
for Defendant–Appellant.

Before REAVLEY, SMITH and
PRADO, Circuit Judges.

PER CURIAM: *

Jose Ricardo Ramirez appeals the 360–
month sentence imposed by the district
court following his guilty plea to a charge
of conspiracy to distribute and possess
with the intent to distribute five or more
kilograms of cocaine and 50 or more kilo-
grams of cocaine base. He argues that the
district court imposed a "substantively un-
reasonable 360–month sentence, 71 per-
cent above the guidelines advisory range
upper limit and three times the mandatory
minimum." Because Ramirez did not ob-
ject in the district court to the reasonable-

ness of his sentence and the alleged inade-
quacy of the district court's reasons for the
sentence, review is for plain error. *See
United States v. Mondragon–Santiago*,
564 F.3d 357, 361 (5th Cir.2009); *United
States v. Peltier*, 505 F.3d 389, 392–93 (5th
Cir.2007). To prevail, Ramirez must show
a forfeited error that is clear or obvious
and that affects his substantial rights. *See
Puckett v. United States*, 556 U.S. 129, 129
S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009).
If he makes the above showing, this court
has the discretion to correct the error but
only if it seriously affects the fairness,
integrity, or public reputation of judicial
proceedings. *Id.*

Ramirez first argues that the district
court failed to properly articulate the rea-
sons for his sentence. When imposing an
above-guidelines sentence, the district
court must articulate reasons for the sen-
tence as they relate to that particular de-
fendant. *See United States v. Mares*, 402
F.3d 511, 519 (5th Cir.2005). The court's
reasons in support of the chosen sentence
"should be fact-specific and consistent with
the sentencing factors enumerated in [18
U.S.C.] section § 3553(a)." *United States
v. Smith*, 440 F.3d 704, 707 (5th Cir.2006).
The farther a sentence varies from the
guidelines range, the more compelling the
justification based on the § 3553(a) factors
must be. *Id.* The court need not, however,
"engage in robotic incantations that each
statutory factor has been considered." *Id.*
(internal quotation marks and citation
omitted).

In Ramirez's case, the § 3553(a) factors
cited by the district court in its statement
of reasons included the nature and circum-
stances of the offense, the history and
characteristics of the defendant, the seri-

ousness of the offense, and the need to provide just punishment. In addition to citing these factors, the district court orally provided fact specific reasons for the variance. Accordingly, we find no procedural error, plain or otherwise. *See Mondragon–Santiago,* 564 F.3d at 361.

As to the substantive reasonableness of the sentence, an appellate court may not require "extraordinary circumstances" to justify a sentence outside the Guidelines range. *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008). Nevertheless, a non-guidelines sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *See Peltier,* 505 F.3d at 392.

Ramirez has not shown that the district court considered an irrelevant or improper factor in determining his sentence. A sentencing court may consider conduct that "the Guidelines offense level did not take into account" when selecting a non-guidelines sentence. *See, e.g., United States v. McElwee,* 646 F.3d 328, 338 (5th Cir.2011). Contrary to Ramirez's contention otherwise, the additional conduct cited by the district court was not already taken into account in determining his guidelines range. Even if consideration of conduct for which he has not been convicted was error, Ramirez has not demonstrated a reasonable probability that he would have received a lesser sentence but for the district court's consideration of the other conduct. *See United States v. Williams,* 620 F.3d 483, 496 (5th Cir.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 1534, 179 L.Ed.2d 348 (2011). Ramirez's contention that the additional conduct was not supported by a preponderance of the evidence also is without merit because the district court specifically found that Ramirez's additional conduct was supported by "reliable information" contained in the PSR. Accordingly, we AFFIRM the judgment of the district court.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be